OPINION
{¶ 1} Defendant-appellant Kevin A. Kroft appeals his sentence entered by the Ashland County Court of Common Pleas, on one count of failure to appear, which the trial court ordered to be served consecutive to the sentence imposed in a separate case out of the same court (Case No. 03CRI018). Plaintiff-appellant is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On March 22, 2004, appellant appeared before the trial court for a sentencing hearing. Appellant had previously plead guilty to one count of failure to appear, a felony of the fourth degree, in Case No. 03CRI095, and one count of forgery, a felony of the fifth degree, in Case No. 03CRI018. The trial court sentenced appellant to six months on the failure to appear count and six months on the forgery count. The trial court ordered the sentences be served consecutively. The trial court memorialized the sentence via Judgment Entry filed March 22, 2004.
 {¶ 3} It is from this sentence appellant appeals, raising the following assignment of error:
 {¶ 4} "I. The imposition of consecutive sentences is against the manifest weight of the evidence and contrary to the law."
 I {¶ 5} In his sole assignment of error, appellant maintains the trial court's imposition of consecutive sentences is against the manifest weight of the evidence and contrary to law. Specifically, appellant submits the trial court failed to make the requisite statutory findings pursuant to R.C. 2929.14(E) andState v. Comer (2003), 99 Ohio St.3d 463. We agree. We further note appellee concedes this issue.
 {¶ 6} In State v. Comer, the Ohio Supreme Court discussed consecutive sentences and stated:
 {¶ 7} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court must find
that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find
the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." (Emphasis sic.) Id. at ¶ 13.
 {¶ 8} The factors contained in R.C. 2929.14(E)(4)(a) through (c) are as follows:
 {¶ 9} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} Thus, the Comer Court concluded, "[p]ursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer at paragraph one of the syllabus.
 {¶ 13} Upon review of the record, we find the trial court failed to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Accordingly, we vacate appellant's sentence and remand the matter to the trial court to resentence appellant.
 {¶ 14} Appellant's sole assignment of error is sustained.
 {¶ 15} The judgment of the Ashland County Court of Common Pleas is vacated and the case is remanded to the trial court for further proceedings in accordance with the law and this opinion.
Hoffman, J. Gwin, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is vacated and this case is remanded for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.